IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHANEA GRIMES, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-24-0552 |
| CARPENTER MANAGEMENT CO., | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Chanea Grimes' Motion for Alternative Service and to Re-Issue Summons ("Motion") (ECF No. 9). For the following reasons, the Motion will be denied.

Plaintiff states that she has been unable to serve Defendant Carpenter Management Co. *Id.* at 1. She explains that the State of Maryland's Business Entity Search indicates that Defendant's status is "forfeited." *Id.* at 1-2. And she states that she was unable to serve Defendant by USPS Certified Mail as recently as May 13, 2024, because when she attempted to mail the complaint and summons to the address listed for Defendant in Maryland State Department of Assessment and Taxation records (11868 Federal Square, Suite 104, Waldorf, MD 20602), the USPS indicated that the business is closed and returned the mail as undeliverable. *Id.* at 2.

Plaintiff states that Defendant previously hired counsel for a separate but related matter. *Id.* Defendant's counsel in that matter (Francis Granados, with an office in La Plata, Maryland), however, has not conveyed a willingness to accept service for Defendant, and has declined to provide information about where and how Defendant may be served. *Id.* Plaintiff seeks an order allowing her to serve process for Defendant on Mr. Granados.

To begin, the Court must determine the legal nature and structure of Defendant. According to public records maintained by the State of Maryland, the Defendant identified in Plaintiff's Complaint is a trade name in forfeited status. The trade name was owned by Sharon Carpenter, Inc., who is the real party in interest. Sharon Carpenter, Inc., in turn, was a Maryland corporation that forfeited its corporate status in 2022. Its resident agent was listed as Sharon Carpenter, 7020 Wood Glen Dr., Hughesville, MD 20637. Because Sharon Carpenter, Inc.'s last corporate filings were made over 20 years ago, they are not available on the Maryland Department of Assessments & Taxation website. Thus, the identities of Sharon Carpenter, Inc.'s directors are not readily available to the Court.

A trade name is not a separate legal entity capable of being sued. *Nammack v. Hampstead Pre-Owned*, No. DKC-19-1798, 2020 WL 1033589, at *2 (D. Md. Mar. 3, 2020) (citing *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 n.2 (4th Cir. 2002)). Accordingly, Plaintiff must amend her Complaint to name the proper defendant. Otherwise, the Complaint will be subject to dismissal. It appears that the proper defendants here are Sharon Carpenter, Inc. and, as discussed below, its director-trustees.

Having sorted out the matter of who to sue, the Court must next determine who Plaintiff must serve. Plaintiff seeks an order allowing her to serve the attorney she believes would be retained to represent the defendants in this case. But such service is not authorized under the governing rules.

Service of process for corporations is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h) permits service by any of the methods provided by Rule 4(e) (including by following state laws regarding service), or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment

or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." The Maryland Rules require service by mail to include a restricted delivery. Md. Rule 2-121(a)(3). The Plaintiff bears the burden of establishing valid service. *Maid to Perfection Glob., Inc. v. Ensor*, No. RDB-09-0958, 2010 WL 1254194, at *1 (D. Md. Mar. 29, 2010). When a defendant receives actual notice of a suit, the Court will liberally construe Rule 4. *Simmons v. TransUnion, LLC*, No. JKB-23-1951, 2024 WL 249392, at *4 (D. Md. Jan. 23, 2024) (citing *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

Under Maryland law, a corporation that has forfeited its corporate charter is, in general, a "legal non-entity" that cannot sue or be sued. *Thomas v. Rowhouses, Inc.*, 206 Md. App. 72, 80 (2012) (quoting *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 163 (2004)). The corporation is deemed to endure, however, for the purpose of winding up its business and affairs. *Thomas*, 206 Md. App. at 81 ("[A] corporation, whose charter has been forfeited and which is in the process of 'winding up,' is still 'alive' for purposes of being sued to satisfy its debts and liabilities."); Md. Code, Corps. & Ass'ns § 3-515(c)(3) (explaining that the directors of a forfeited corporation may "[s]ue or be sued in the name of the corporation"). When "a plaintiff wants to sue the director-trustees of a corporate no longer in existence, he or she is required to 'undertake a reasonable search for the identity of the director trustees.'" *Thomas*, 206 Md. App. at 87 (quoting *Scott v. Seek Lane Venture, Inc.*, 91 Md. App. 668 (1992)).

Plaintiff's request for an order authorizing alternative service on Defendant's likely attorney cannot be granted at this time. *See Wheelz Up, LLC v. Adrianne Harold Corderom*, No. DKC-24-212, 2024 WL 2881349, at *1 (D. Md. June 7, 2024). Maryland Rule 2–121(c) states that when presented with an affidavit stating that good faith efforts to serve an individual defendant in

3

accordance with Maryland Rule 2-121(a) have failed and service under Maryland Rule 2-121(b) is impracticable based on proof that the defendant "has acted to evade service," "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." *See also Lohman v. Lohman*, 331 Md. 113, 132 n.9 (1993) (noting that alternative service may be appropriate only where the defendant has affirmatively acted to evade service) (citing Paul V. Niemeyer & Linda M. Schuett, *Maryland Rules Commentary* 96 (2d ed. 1992); *Timilon Corp. v. Empowerment Just. Ctr. Corp.*, No. DKC-23-1134, 2023 WL 5671616, at *4-5 (D. Md. Sept. 1, 2023) (granting alternative service when defendant agreed to accept service before refusing further communications with the process server); *cf. Scott v. Lori*, No. ELH-19-2014, 2020 WL 4547960, at *3 (D. Md. Aug. 6, 2020) (denying alternative service where plaintiff failed to establish that defendants took affirmative steps to evade service). "Mere inability to serve is insufficient." *Wheelz Up*, 2024 WL 2881349, at *1.

Before any motion for alternative service will be considered, Plaintiff must first amend her Complaint to name the proper defendants and attempt to serve the defendants as provided under the rules and governing caselaw.

Accordingly, the Court orders as follows:

1.  Plaintiff shall undertake a reasonable search to discover the identities and mailing addresses of the director-trustees of the forfeited corporation Sharon Carpenter, Inc., which was also known under the trade name of Carpenter Management Co.

2.  Plaintiff shall file an amended complaint, naming the proper defendants (likely Sharon Carpenter, Inc. and its director-trustees), along with proposed summons for the defendants, by **July 19, 2024**.

3. If Plaintiff does not comply with this Order, her case may be dismissed without prejudice and without further warning.

4. Plaintiff's Motion is **DENIED**.


Date: June 18, 2024                                /s/
                                                   Timothy J. Sullivan
                                                   Chief United States Magistrate Judge